U.S. Bankruptcy Court
District of Idaho
Filed: 3/10/2004
At: 4:00 p.m.
By: dh

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| In Re:<br><br>LESLIE LISH and EMMA LISH,<br><br>Debtors. | **Bankruptcy Case No. 03-04400** |
|---|---|

## MEMORANDUM OF DECISION

**Appearances:**

    Gary L. McClendon, Esq., Attorney for the U.S. Trustee, Boise, Idaho.

### Introduction

Apparently, some lessons are truly hard learned.

Debtors Leslie and Emma Lish, residents of Bliss, Idaho, filed a Chapter 7 bankruptcy case on December 4, 2003. Docket No. 1. Their attorney is Hyong Pak ("Counsel"). As revealed by his Fed. R. Bankr. P. 2016(b) disclosure,

AO 72A
(Rev. 8/82)

Docket No. 2, Counsel charged Debtors $500.00 for his services, which he received before filing the bankruptcy petition.

On March 2, 2004, the Court conducted a hearing concerning the U.S. Trustee's Motion for Review of Professional Compensation (the "Motion"), filed on February 2, 2004. Docket No. 11. The Motion challenges Counsel's attorney fees in this case. The attorney for the U.S. Trustee appeared and participated at the hearing, but to the Court's surprise, given the subject matter of the Motion, Counsel did not appear. Presumably, Counsel intended that the Affidavit he and his clients executed and filed would serve as his response to the Motion. Docket No. 16. At the conclusion of the hearing, the Court took the issues raised by the Motion under advisement on the basis of the written record.

The Motion compels the Court to revisit an unfortunate, but all-too-familiar topic of late: whether Counsel has satisfied his duty to adequately represent his clients and, in doing so, whether Counsel has complied with the applicable bankruptcy rules and laws. What follows are the Court's findings of fact and conclusions of law, and its disposition of the Motion. Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION - 2

**Facts**

The material facts are simple enough. Counsel originally agreed with Debtors, and then represented to the Court in his Rule 2016(b) disclosure, that he would provide, among other services, "[r]epresentation of the debtor[s] at the meeting of creditors . . . ." Docket No. 2. As it turned out, Debtors appeared at the creditors' meeting, as required by 11 U.S.C.§ 341(a), in Boise on January 15, 2004, alone and without representation. Why? The words of the Affidavit explain:

> . . .[C]ounsel instructed the debtors that the counsel has a previously scheduled administrative hearing regarding worker's compensation in Twin Falls, Idaho, beginning at 10:00 o'clock am. [sic] As such, [Counsel] informed the debtors that he will try to make it to the meeting [of creditors] if the hearing gets out in time. If not, debtors were informed of their decision to either continued [sic] the creditors meeting to a later date with counsel present or to have the creditors meeting without counsel so debtors don't have to make the trip to Boise from Bliss, Idaho;
>
> . . . [C]ounsel for the debtors did not get out of the administrative hearing . . . until approximately 12:15 pm [sic], which made it impossible for counsel to make it to the creditors meeting scheduled for 1:00 pm [sic];
>
> . . . [T]he debtors after discussing the proceeding and the bankruptcy matter in [sic] length with counsel prior

MEMORANDUM OF DECISION - 3

AO 72A
(Rev. 8/82)

> to the scheduled creditors meeting decided to follow
> through with the creditors meeting since debtors were
> well informed of their choices and the proceeding.

Affidavit, ¶¶ 7-9, Docket No. 16. Restated simply, while Counsel had agreed to appear at the § 341(a) meeting, and told the Court he would do so, Counsel alleges it was "impossible" for him to attend the meeting because of his scheduling conflict. After discussing his dilemma with Debtors, they collectively decided that if Counsel could not appear, Debtors would attend anyway and "go it alone" at the creditors' meeting. And that's what they did.

### Disposition

As pointed out by the U.S. Trustee's Motion and arguments at the hearing, there are serious flaws with Counsel's position. His conduct in this case, not to mention his approach to the U.S. Trustee's Motion, justify a close review of his fees in this case for several reasons.

First, a debtor's attorney always bears the burden of proving that his or her fees are reasonable in light of the services provided. 11 U.S.C. § 329(b); *In re Jordan*, 00.1 I.B.C.R. 46, 47–48 (Bankr. D. Idaho 2000) (citing *In re Dale's Crane, Inc.*, 99.1 I.B.C.R. 8, 8 (Bankr. D. Idaho 1999) and *In re Ferreira*, 95 I.B.C.R. 282, 283 (Bankr. D. Idaho 1995)). The Bankruptcy Court is granted

MEMORANDUM OF DECISION - 4

broad discretion by the Code in determining reasonable compensation. *Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997); *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 882 (9th Cir. 1995); *see also In re Larson*, __ I.B.C.R. __, Case No. 03-02488, Docket No. 63, Mem. of Decision (Bankr. D. Idaho Feb. 4, 2004).

      Based upon the written record (which is all there is to consider here), what services did Counsel provide for Debtors? The Court is comfortable in assuming that Counsel completed Debtors' bankruptcy schedules and statements found in the Court's file. Presumably, he also counseled them, to some unknown extent, about the bankruptcy law and their rights and duties. However, no further specifics detailing Counsel's services can be gleaned from the papers in the Court's file. Because of this, the Court cannot reliably conclude that $500.00 constitutes a reasonable fee for Counsel's services in this case. Given the law summarized above, Counsel's apparent decision not to provide more information

MEMORANDUM OF DECISION - 5

AO 72A
(Rev. 8/82)

to the Court about his services, either in writing or by appearing at the hearing on the Motion,[1] surely seems unwise.

Second, while Counsel had several potential solutions to resolve his scheduling conflict,[2] Counsel's options did not include sending his clients unrepresented to the § 341(a) meeting. As Judge Myers thoughtfully and comprehensively explained several years ago in *In re Castorena,* 270 B.R. 504 (Bankr. D. Idaho 2001), a decision that has been widely cited and surely must be

---

[1] Counsel failed to contact either the Court or U.S. Trustee regarding his absence from the hearing on the Motion. Perhaps Counsel had a conflict in his schedule which made it "impossible" for him to attend. Under the circumstances, the Court can only speculate about the reason for his absence.

[2] These alternatives seem almost too obvious to mention but, for example, Counsel could have, in advance, requested that the U.S. Trustee continue the creditors' meeting to a different date so that he could attend with his clients. Counsel apparently made no such request. Counsel could have helped his clients retain substitute counsel to appear for them at the meeting, perhaps offering a partial refund of his fee to pay another attorney. While there are obvious disadvantages to this approach, Debtors would likely have been better off than appearing with no attorney at all. This course is not mentioned in the Affidavit, which suggests to the Court that Debtors and Counsel did not consider it. Finally, the Affidavit also does not discuss whether Counsel considered asking that his worker's compensation hearing be rescheduled. In not addressing this possibility, Counsel perhaps implicitly asks the Court to assume that it was more important for him to attend the state administrative hearing than to participate in the bankruptcy proceedings. That's asking too much. Counsel's client in the worker's compensation case and his clients in this bankruptcy case all deserve representation, and it Counsel's professional obligation to resolve scheduling conflicts and ensure his clients are adequately represented.

MEMORANDUM OF DECISION - 6

familiar to an experienced Idaho bankruptcy attorney such as Counsel, when an attorney accepts an engagement to represent debtors in a bankruptcy case, the attorney implicitly assumes certain fundamental, "core" professional obligations. 270 B.R. at 530. Among the core obligations is the attorney's attendance and representation of the debtors at the creditors' meeting. *Id.* As the Court observed in *Castorena,* and as the Court ratifies again here, attempts by debtors' attorneys to send clients into bankruptcy court unrepresented are "unacceptable and rejected." *Id.* Without the offer of a better explanation by Counsel, his decision to send his clients to the § 341(a) meeting alone because it was inconvenient for him to attend was misguided and irresponsible.

There is another problem with Counsel's conduct in this case. Recall, he filed a Rule 2016(b) disclosure which detailed both the amount of his fees and the services he had agreed to provide to Debtors. Docket No. 2. According to the Affidavit, Counsel and his clients later decided to modify that agreement by "excusing" his appearance at the creditors meeting, albeit without any reduction in his fee. Under the Rule, a "supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment *or any agreement* not previously disclosed." Fed. R. Bankr. P. 2016(b) (emphasis

MEMORANDUM OF DECISION - 7

added). No supplemental disclosure to reflect Counsel's change in the terms of his representation agreement has been filed in this case, not even after the U.S. Trustee's Motion called into question the propriety of Counsel's fees. The failure to comply with this Rule by itself, even where inadvertent, is an adequate basis for this Court to reduce or deny Counsel's fees. *See In re Park-Helena Corp.*, 63 F.3d at 882 ("Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees."). This is yet another example of Counsel's lack of diligence in doing his job.

Representing clients in a bankruptcy case requires an attorney to be knowledgeable and conscientious. Counsel is presumed to know the law and the duties it imposes upon him, duties which must be fulfilled if he intends to represent debtors in Bankruptcy Court. If he takes the high road, Counsel can command a fee for his services commensurate with these obligations. If his conduct leaves his clients' interests unrepresented, Counsel should expect no such fee.[3]

---

[3] As this Court has observed, if a lawyer fails to assume and satisfy the professional obligations of representing debtors in a bankruptcy case, the attorney's services should be valued at a level comparable to that allowed to nonlawyer bankruptcy petition preparers. *See, generally, Castorena*, 270 B.R. at 523-531 (discussing the perhaps insoluble challenges associated with attempts by some attorneys to significantly

MEMORANDUM OF DECISION - 8

Counsel may feel the Court is over-reacting to his conduct in this case. To be clear, the Court does not assume that Counsel routinely sends his bankruptcy clients to court "bare," nor regularly disregards his duty to personally appear at creditor's meetings and represent their interests, as was the case in *Castorena*. Even so, the Court is unwilling to reward Counsel's poor judgment in skipping Debtors' § 341(a) meeting, or to condone his cavalier defense to the U.S. Trustee's Motion in this case. It is Counsel's burden to show the Court that he has satisfied the standards set by the Rules and the Code, and to justify the amount of his fees. The abbreviated showing made in the Affidavit, coupled with Counsel's failure to appear and participate at the hearing concerning the U.S. Trustee's Motion, constitute ample reason for the Court's decision in this case to order that Counsel promptly refund all but $100.00 of the fees he collected from Debtors.

The U.S. Trustee's Motion will be granted to the extent discussed above by separate order. While the Court has attempted to make its attitudes toward these issues evident in past published decisions, hopefully the hard-learned

---

limit services to bankruptcy debtors, yet still charge substantial fees.); *In re Doser*, 02.3 I.B.C.R. 123, 132 (Bankr. D. Idaho 2002) and *In re Bush*, 02.1 I.B.C.R. 63, 70–71 (Bankr. D. Idaho 2002) (both suggesting a range of $20 to $25 per hour as an appropriate charge for the clerical-type services performed by bankruptcy petition preparers).

MEMORANDUM OF DECISION - 9

lesson in this case will serve as additional food for the thought of all those who undertake the serious obligations of representing debtors in bankruptcy cases.

DATED This 10th day of March, 2004.

*/s/ Jim D. Pappas*
JIM D. PAPPAS
CHIEF U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 10

AO 72A
(Rev. 8/82)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

Gary L. McClendon, Esq.
gary.mcclendon@usdoj.gov

**Via Email**

Hyong K. Pak, Esq.
P. O. Box 2397
Twin Falls, Idaho 83303

**Via U.S. Mail**

Note re E-mail service: A ".pdf" version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judges, please access the Court's Internet web site, www.id.uscourts.gov

CASE NO.: 03-04400

CAMERON S. BURKE, CLERK
U.S. BANKRUPTCY COURT

DATED: March 10, 2004

By Diane Hutchinson, Deputy Clerk

MEMORANDUM OF DECISION - 11

AO 72A
(Rev. 8/82)